DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant Michael David Miller appeals from the sentence imposed by the Summit County Court of Common Pleas. We affirm.
On the afternoon of March 1, 1997, Magdelena Reiter was in the parking lot of a Montgomery Ward store in Cuyahoga Falls, Ohio. As Reiter opened the door of her car, Miller accosted her and demanded her car keys. Reiter, who was eighty-eight years old, refused. Miller then took the keys from her, pushed her to the ground, and started the car. A bystander, fearing that Miller would run Reiter over with the car, ran to the scene and pulled Reiter to safety. Miller was stopped and arrested a short time later by an officer of the Boston Hills Police Department.
Miller was indicted by the Summit County Grand Jury on one count of robbery in violation of R.C. 2911.02(A)(2). Miller initially pled not guilty, but changed his plea to guilty on the day of his trial. At sentencing, the Summit County Court of Common Pleas imposed a six year term of incarceration. Miller now appeals from the sentence imposed by the trial court.
Miller asserts one assignment of error:
 The sentence of defendant in this case is erroneous and must be reversed, since said sentence is contrary to law, not supported by the record in this case, and failed to set forth the mandatory findings required by O.R.C. 2929.14(B), in violation of defendant's rights as guaranteed to him by the Fifth, Sixth and Fourteenth Amendments to the U.S. Constitution.
At the time the trial court imposed sentence, Miller had not previously served a prison term. He argues that the trial court improperly imposed a sentence greater than the minimum sentence without making a finding required by R.C. 2929.14(B).
Miller was sentenced under Senate Bill 2. The sentence for a second degree felony, such as robbery, is a definite term of two, three, four, five, six, seven, or eight years. R.C.2929.14(A)(2). Under R.C. 2929.14(B), if a sentencing court imposes a prison term and the offender has not previously served a prison term, the court must impose the minimum statutory term (in the case at bar, two years) "unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others." We may vacate or modify a sentence only if we clearly and convincingly find that one of four conditions exists. R.C. 2953.08(G)(1). The only applicable conditions to the case at bar are whether the record supports the sentence, R.C. 2953.08(G)(1)(a), or whether the sentence is contrary to law, R.C. 2953.08(G)(1)(d).
The State argues that, while the trial court never explicitly found either condition in R.C. 2929.14(B) on the record, the sentence imposed was not improper under this court's decision inState v. Crangle (Aug. 6, 1997), Summit App. No. 18268, unreported. In Crangle, the defendant received the maximum allowable sentence for a third degree felony. Under R.C.2929.14(C), a sentencing court must find one of four conditions before imposing the maximum sentence; however, the trial court did not explicitly find any of the four conditions. We held that the trial court did not err by imposing the maximum sentence:
 Our review of the record in this case reveals that the trial court had a basis for imposing the maximum sentence, and that it indicated its reason at the sentencing hearing. The trial court indicated on the record that it had authority under the new sentencing statute to sentence Crangle to the maximum penalty because this was his third conviction for a sexual offense against a child. By explicitly referring to the new statute and the fact that Crangle had two prior convictions for offenses similar to the one at issue, the trial court must have implicitly found that Crangle was an offender who posed a great likelihood of committing future crimes. We find no error in such a conclusion.
Id. at 3.
We find the State's argument well taken. In the case at bar, the following exchange occurred at Miller's sentencing hearing:
THE COURT: What you did is a very violent act.
THE DEFENDANT: I know.
 THE COURT: It's something that I can't erase from my mind when I consider what happened, and much more harm could have happened to somebody; whether it be this lady, or somebody else.
 And you also, I'm sure, heard about the accusation that as you moved the car away, there was fear that you were going to —
THE DEFENDANT: Yeah.
THE COURT: — use that car to hurt somebody.
* * *
 * * * And when you start — when you do a criminal act and it affects a person, a human being, as far as I'm concerned, you've crossed the line.
Based on the trial court's comments, it must have implicitly found that imposing the minimum sentence would demean the seriousness of Miller's conduct. Therefore, the trial court complied with the mandate of R.C. 2929.14(B).
Based on the entire record, we cannot find clearly and convincingly that the sentence imposed in the case at bar is unsupported by the record or is contrary to law. Accordingly, Miller's sole assignment of error is overruled.
Miller's assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this court, directing the County of Summit Common Pleas Court to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
 Exceptions. _______________________________ JOHN W. REECE
FOR THE COURT
SLABY, P. J.
QUILLIN, J., J. CONCUR.